UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM REID,<br><br>          Petitioner,<br><br> -against-<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | **MEMORANDUM AND ORDER**<br>20-cv-6228-LDH |
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br> -against-<br><br>WILLIAM REID,<br><br>          Defendant. | **MEMORANDUM AND ORDER**<br>16-cr-00212-LDH |

LaSHANN DeARCY HALL, United States District Judge:

William Reid ("Petitioner") filed the instant petition pursuant to 28 U.S.C. § 2255 to vacate his conviction and reduce his sentence with respect to Count Three of the Superseding Indictment. (*See USA v. Reid*, No. 16-CR-212, Mot. to Vacate, ECF No. 81.)

## BACKGROUND

On June 14, 2016, Petitioner, together with others, was charged in a seven-count Superseding Indictment. (*See Reid,* Superseding Indictment, ECF No. 28.) Specifically, Petitioner was charged on Count One with Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i); Count Three with Use of

1

Firearms In Connection with a Drug Trafficking Crime, in violation of 18 U.S.C. § 924/(c)(1)(A)(i); Count Four with Hobbs Act Extortion Conspiracy of John Doe #1, in violation of 18 U.S.C. § 1951(a); Count Five with Attempted Hobbs Act Extortion of John Doe #1, in violation of 18 U.S.C. § 1951(a); Count Six with Committing and Threatening Physical Violence in Furtherance of a Plan to Extort John Doe #1, in violation of 18 U.S.C. § 1951(a); and Count Seven with Possessing, Brandishing and Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i-iii), 924(c)(1)(C)(i). (*See Reid,* Superseding Indictment at 1–4.)

On January 13, 2017, Petitioner filed a motion to suppress a gun recovered in connection with a Pennsylvania state case. (*See Reid,* ECF Nos. 41 at 1, 41-1 at 1–4.) Petitioner's motion was denied. (*See Reid,* Mar. 22, 2017 Order.) On April 11, 2017, Petitioner pleaded guilty, pursuant to a plea agreement with the Government (the "Plea Agreement"), to Counts One and Three of the Superseding Indictment. (*See Reid*, Apr. 11, 2017 Min. Entry.) On March 6, 2018, Petitioner moved to withdraw his guilty plea on the ground that the firearm, which supported his conviction on Count Three, should not have been considered in his federal case because it was recovered in connection with an unrelated Pennsylvania state case in which the charge relating to the firearm was dismissed. (*See Reid,* ECF No. 59.) On November 1, 2018, Petitioner was sentenced to a total of 145 months' imprisonment consisting of 85 months on Count One and 60 months on Count Three, followed by four years of supervised release. (*See Reid,* Nov. 1, 2018 Min. Entry.) On November 6, 2018, this Court denied Petitioner's motion to withdraw his guilty plea, (*Reid,* ECF No. 66), and entered the final judgment as to his sentence (*Reid,* ECF No. 67).

Thereafter, on November 13, 2018, Petitioner filed an appeal of his conviction and sentence to the Second Circuit. (*See Reid,* ECF No. 69.) The Government moved to dismiss

Petitioner's appeal, (*USA v. Reid*, No. 18-3409, Mot. to Dismiss, ECF No. 27), which the Second Circuit construed "as also seeking summary affirmance of Appellant's term of supervised release, special conditions of supervised release, and special assessment, which were not covered by [Petitioner's] appeal waiver." (*Id.*, ECF No. 89.) On May 4, 2020, the Second Circuit granted the Government's motion to dismiss and its motion for summary affirmance. (*Id.*)

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a court may "vacate, set aside or correct" a conviction or the sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In a Section 2255 proceeding, the petitioner bears the burden of proof by a preponderance of the evidence. *See Triana v. United States,* 205 F.3d 36, 40 (2d Cir. 2000). To obtain relief under Section 2255, a petitioner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Further, a collateral attack on a conviction or sentence imposed is only available for "an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). However, where it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Fed. R. Governing § 2255 Proceedings in the U.S.D.C. 4(b). Such is the case here.

3

On April 11, 2017, pursuant to the Plea Agreement, Petitioner entered a plea of guilty as to Counts One and Three of the Superseding Indictment. (*See Reid*, Apr. 11, 2017 Min. Entry.) Of particular relevance, under the Plea Agreement, Petitioner waived his right to appeal or collaterally attack his conviction and sentence if the custodial sentence imposed was 195 months or below. (Resp't's Opp'n at 4.) Certainly, any appellate waiver must be made knowingly, voluntarily, and competently. *United States v. Gomez-Perez,* 215 F.3d 315, 318 (2d Cir. 2000). Here, it was. Indeed, Petitioner does not argue otherwise nor could he credibly. At Petitioner's sentencing, the Court inquired into the sufficiency of the plea and ultimately found that it was made with the requisite competency. As such, the Court must enforce the appellate waiver so long the sentence imposed fell within or below the stipulated range set forth in the Plea Agreement. *See,* e.g., *United States v. Djelevic,* 161 F.3d 104, 106 (2d Cir. 1998) (holding that petitioner's appeal under Section 2255 of a sentence within the range stipulated by the plea agreement was foreclosed by such agreement). It did.

This Court sentenced Petitioner to a term of imprisonment of 145 months, (*see* Judgment at 2, ECF No. 67), which is fifty months below the waiver. (Resp't's Opp'n at 4.) Therefore, Petitioner was sentenced within the range to which he stipulated to in the Plea Agreement and his right to appeal was waived. This is the only appropriate conclusion. The law is clear: "In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido-Contreras*, 990 F.2d 51, 53

(2d. Cir. 1993).  Petitioner's motion to vacate his conviction as to Count Three and reduce his sentence is barred by the Plea Agreement.[1]

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  　　　　　　　　/s/ LDH  
　　　　December 4, 2025  　　　　　　　　LaSHANN DeARCY HALL  
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Even in the absence of the appellate waiver, the Petitioner's argument would still fail.  Petitioner's primary claim is that he is entitled to relief because the gun recovered in connection with a Pennsylvania state case should not have provided a basis for the federal conviction on Count Three.  (Mot. to Vacate at 13-14.)  However, as the Government notes, this is the same argument that Petitioner advanced in connection with his motion to suppress evidence of the gun before the trial, which this Court rejected.  (*See Reid*, Mar. 22, 2017 Order) (denying, *inter alia*, Petitioner's motion to suppress).  Furthermore, both this Court and the Second Circuit considered and rejected this argument post-trial in connection with Petitioner's post-trial appeals.  (*See Reid*, Memorandum and Order, ECF No. 66) (where this Court denied Petitioner's Motion to Withdraw Plea of Guilty and finding Petitioner's "2011 Pennsylvania conduct was relevant conduct and would be considered by the Court in determining his sentence"); (*see also Reid*, Mandate of USCA, ECF No. 78) (where the Second Circuit granted the government's motion to dismiss with respect to, *inter alia*, Petitioner's appeal of his conviction and term of imprisonment).  Petitioner provides no basis for the Court to disturb these findings.

5